A. ALVAREZ BROS., Plaintiffs and Appellants, v. VICTORIA R. DE ALAMO and AGUSTÍN ALAMO, Defendants and Appellees.

No. 3974. Argued November 29, 1926.—Decided December 8, 1926.

50

*Francisco Soto Gras* for the appellants. *Manuel Benítez Flores* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Dismissal of the appeal is moved for on the grounds that notice thereof was not given to the appellees, and that certain documents had not been included in the record.

Section 296 of the Code of Civil Procedure provides that an appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, *and serving a similar notice on the adverse party, or his attorney.*

It appears from the record that the notice of appeal was filed on the 29th of March, 1926, in the district court. At the foot thereof is the following: "Notified by copy today, _____ of March, 1926. _____ Counsel for defendants." There is nothing more.

This is admitted by the appellants, but they contend that the notice was served and in support thereof they introduce as evidence an affidavit of José I. Lomba to the effect that he received the original notice of appeal and a copy thereof on the 29th of March, 1926, in the office of F. Soto Gras, attorney for the plaintiffs, in San Juan, and on that same day went to the office of attorney Benítez Flores, also in San Juan, and as Benítez Flores was not in the office, he served the notice by delivering the copy to one of his employees who was there acting as secretary or person in charge of the office.

Section 230 of the Code of Civil Procedure provides that

service of notice on an attorney during his absence from his office may be made "by leaving the notice . . . . with his clerk or person having charge thereof."

This being the case, the evidence is sufficient to show that the notice was served; therefore there is no ground for dismissal of the appeal on the first contention.

Let us consider the second. The appellants admit that the documents mentioned by the appellees were not included in the transcript of the judgment roll, but allege that they were omitted because they were unnecessary.

The documents omitted are: (1) the summons; (2) motion to quash the same; (3) order overruling said motion; (4) motion to strike; (5) order overruling it; (6) demurrer; (7) order overruling it; (8) motion for attachment, and (9) order of attachment.

We agree with the appellants that they were not bound to include in the transcript the majority of the documents mentioned, because, under the law, they do not form a part of the judgment roll unless included therein by means of a bill of exceptions which is not alleged to have been done. But there are two, i. e., the demurrer and the ruling thereon, which, under an express mandate of the law, form a part of the judgment roll and which the appellants were required to include in the record. The summons should also have been included in the judgment roll if an answer to the complaint had not actually been filed.

Section 233 of the Code of Civil Procedure, which was not repealed nor affected by the Act of February 19, 1906, Acts of 1906, p. 101, imposes on the secretary of the district court the duty of preparing the "judgment roll" immediately after judgment has been entered and specifies the documents constituting the said roll, among which are "the pleadings" and "a copy of any order made on demurrer."

Section 299 of the same code, as originally approved, Acts of 1904, p. 275, and as amended in 1911, Comp. p. 865,

provides that in appeals the record must be made up, among other documents, of a certified copy of the judgment roll, and Act No. 81 of 1919, Acts of 1919, p. 676, which appellants seem to invoke in requesting a transcript of the evidence amending again said section 299, reads in part as follows:

"The record of an appeal shall be constituted by the certificate to be issued by the secretary of the court *a quo* or by the attorneys of the parties, of the judgment roll and of the notification of the appeal, except in the case of approval of a transcript of the evidence pursuant to law. In this case the record of an appeal shall be constituted by the said original transcript and certificate of all other documents constituting the judgment roll, authorized in the manner hereinbefore provided. It shall be the duty of the appellant to deliver to the secretary the said certificate authorized by the attorneys for the parties or solicit the same from the said secretary which officer shall transmit to the Supreme Court, without any delay, the complete record on appeal . . . . "

Now, is the foregoing a ground for dismissal of the appeal?

We have made a cursory examination of the record and our first impression is that the matters under consideration might be properly argued from the record in its present condition. This being the case, the commission of the error is explainable. Besides, we think that such an error should not be taken as an absolute ground for dismissal of the appeal. It can be corrected.

This being the case, we think that the just and proper thing to do is to allow the appellants a period of ten days to amend the record by including therein a copy of the demurrer and of the ruling of the court, and any other document belonging to the judgment roll, and on their failing to comply therewith, to dismiss the appeal.

Mr. Justice Hutchison took no part in the decision of this case.